MONTGOMERY WATER POWER CO. v. CHAPMAN et al.

(Circuit Court, D. Rhode Island. August 20, 1904.)

No. 2,692.

1. DECLARATION—SUFFICIENCY—ACTION ON CONTRACT.
    A declaration in an action for damages for breach of contract *held*, on a construction of the contract on demurrer, to state a cause of action.

2. SAME—SURPLUSAGE—PLEADING MATTER OF LAW.
    Allegations in a declaration for breach of contract setting out prior decisions in an action between the parties as rendering the question of law as to defendant's liability res judicata *held* to be surplusage, and stricken out on motion.

At Law. On demurrers to first and second counts of declaration, and motion to strike out parts of second count.

Edwards & Angell, for plaintiff.
Van Slyck & Mumford, for defendants.

BROWN, District Judge. The demurrers involve the construction of the contract set forth in the declaration. Upon an examination of the contract it is clear that the defendants undertook to build a complete dam, and not merely to furnish materials and work for the construction of a dam. The meaning of the term "the work of hydraulic construction" is made plain by reference to the "general requirements," and to Exhibit 1 of "the specifications of the several works required to be done in constructing and completing the hydraulic and electrical work of Montgomery Water Power Company." The provision for payments upon engineer's estimates from time to time during the progress of the work is an ordinary provision in contracts for a complete structure, and does not conflict with the numerous clauses which make it entirely clear that the "work of hydraulic construction" comprised the building of a complete dam.

The declaration alleges that before the agreement was substantially performed a large portion of the dam was carried away by a flood. The contract, in my opinion, expressly provides for such a contingency by the following clause of the "General Requirements": "Sec. 8. All work damaged as the work progresses, by flood or any other causes, must be removed and reconstructed by the contractor

at his own expense." The defendants argue that upon a fair construction of the contract the above clause does not apply to damage which is the result of defective plans. There is, however, nothing in the declaration to indicate that the dam was carried away by reason of defective plans. The defendants argue thus: The declaration alleges that the plaintiff's engineer directed the work, etc., furnished and approved the lines for the dam, etc., and therefore it follows conclusively that the failure of the dam to withstand the pressure of the flood was the result of improper and defective plans. In substance, the argument amounts to an assertion that no dam can be destroyed by a flood unless its plans and specifications were defective. This certainly is not an established proposition of law, and as a proposition of fact is extraordinary. It certainly is not a proposition of fact of which the court can take judicial notice. The contention that the declaration shows the destruction of the dam by defective plans is fallacious, and without merit. Whether the destruction of the dam was caused by any default of the defendants is immaterial. The declaration, in my opinion, states a cause of action; and no distinction need be taken between an allegation that a flood occurred, and washed away the dam, and an allegation that an extraordinary and unusual flood occurred and washed away the dam. The contract has been the subject of prior adjudications. In William A. Chapman & Co. v. Montgomery Water Power Co., the Circuit Court of the United States for the Middle District of Alabama held, in substance, that under the contract the loss from a flood fell upon the contractor. Upon writ of error the Circuit Court of Appeals for the Fifth Circuit was of like opinion, and the judgment of the Circuit Court was affirmed. 126 Fed. 68, 372. A petition for a writ of certiorari was filed in the Supreme Court of the United States, and denied January 11, 1904. 192 U. S. 605, 24 Sup. Ct. 849, 48 L. Ed. 585. These decisions directly support the conclusion of this court upon an independent examination of the questions.

In the second count, the plaintiff has pleaded these decisions with the purpose of showing that the question of who is to bear the loss under the contract has been settled as res judicata. In view of the concurrence of this court with the result reached in the previous decisions, it would seem entirely immaterial whether the matters had been previously so decided or not. What would be the duty of the court in case a declaration were filed setting forth facts which, in the opinion of the court, gave rise to no legal right, together with an allegation that it was res judicata that the facts did give rise to a legal right, is a curious question, with which we need not trouble ourselves. The office of a declaration is to set forth matters of fact. The legal principle or rule of law is not pleaded, since the court is presumed to know judicially what the law is. Gould on Pleading, c. 1, §§ 19, 20. If the general legal principles of which the court takes judicial notice are sufficient to support the case, it is altogether immaterial that the same general principles have been previously applied in a specific case between the parties, since the former litigation conferred nothing upon the plaintiff which it did not have under the general rules of law. To allow the parts of the second count

which recite the former litigation to stand can only serve to raise false and immaterial issues of fact and law. If they are stricken out, the plaintiff states as good a cause of action as if they were retained. Should the plaintiff fail to prove the facts alleged as to the former litigation, its right of action would not be affected. If it proved them all, it would have no greater right. As I am of the opinion that the motion to strike out should be granted on the ground that the matter is surplusage, no consideration of other grounds or of the remaining causes of demurrer to the second count is necessary.

The motion to strike out certain portions of the second count is granted. The demurrers to the first count and the like demurrers to the second count are overruled.